IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3137 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NICOLAS BONAHOOM, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has filed a motion, supported by an affidavit, seeking to withdraw his plea (filing 43). The motion was filed on July 19, 2006. The defendant was sentenced on July 7, 2006 and the judgment was entered on July 11, 2006.

The defendant's counsel asserts that he first learned of the defendant's alleged mental problems sometime after sentencing. Counsel states that defendant has suffered in the past from "ADHD," was born without a "Corpus Colossum" which "severely compromises his ability to process information," and the defendant may suffer from "Autism." (Filing 43, Weber Aff.)

I will deny the motion for three reasons. First, I deny the motion because it is untimely under Federal Rule of Criminal Procedure 11(e). That Rule provides: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."

Second, even if I assume that the medical facts (not conclusions) recited in the motion and affidavit are true there is no reason to think the defendant was incompetent or otherwise unable to knowingly and intelligently enter a guilty plea.

The defendant represented in his written petition to enter a plea of guilty that he graduated from a junior college with an associates degree in computer programming. (Filing 15 ¶ 2.)  As a result, he is obviously bright enough to enter a guilty plea. Moreover, at the time of his plea, the defendant told Judge Piester that he was "feeling okay[,]" that he was "thinking clearly" and that he understood "all these questions." (Filing 22 at 5.)  Moreover, he represented that the mental health therapy that he was then undergoing did not impair his "ability to go forward here today." (Filing 22 at 6.)  Consequently, there is no good reason to think that the defendant's mental illness or defect rendered him incapable of entering a knowing and intelligent plea of guilty.

Third, even if I assume that all the medical facts (but not conclusions) are true, they are wholly insufficient to warrant a deviation or departure.  That is, the sentence would not have changed had I known what counsel now asserts to be true in his motion and affidavit.

IT IS ORDERED that the motion to withdraw plea (filing 43) is denied.  The Clerk of Court shall process the defendant's appeal in the normal fashion.

July 25, 2006.                          BY THE COURT:

                                        *s/Richard G. Kopf*
                                        United States District Judge

2